UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8163 CAS(RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | WAYPOINT BIOMEDICAL, INC. v. CONVENIENCE STORE BROKERS, INC. dba TNT NATIONAL CONVENIENCE STORE BROKER (AND RELATED COUNTERCLAIM) | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Philip Dapeer | Troy McMahan | |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** (filed 09/15/08)

## I. INTRODUCTION

The instant action arises from a dispute regarding a broker agreement between plaintiff, Waypoint Biomedical, Inc. ("Waypoint"), and defendant Convenience Store Brokers, Inc., d/b/a/ TNT National Convenience Store Broker ("TNT"). Plaintiff filed its initial complaint on December 14, 2007, alleging claims for breach of contract and misrepresentation. Plaintiff filed a motion to add Cheryl Hudgins, an account executive for TNT, and Kenneth Fries, TNT's president, as parties defendant. On May 5, 2008, the Court granted plaintiff's motion to add parties defendant. Plaintiff filed its first amended complaint on May 5, 2008.

On August 14, 2008, this Court granted in part and denied in part defendants' motion to dismiss. The Court granted defendants' motion to dismiss as to plaintiff's first claim for relief against defendants Fries and Hudgins and as to plaintiff's second claim for relief in its entirety. Plaintiff filed its second amended complaint ("SAC') on September 1, 2008 alleging 1) breach of contract against defendant TNT and 2) misrepresentation and concealment of material facts against all defendants.

On September 15, 2008, defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). On September 26, 2008, plaintiffs filed their opposition. Defendants filed a reply on September 29. 2008. The Court finds and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8163 CAS(RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | WAYPOINT BIOMEDICAL, INC. v. CONVENIENCE STORE BROKERS, INC. dba TNT NATIONAL CONVENIENCE STORE BROKER (AND RELATED COUNTERCLAIM) | | |

concludes as follows.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8163 CAS(RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | WAYPOINT BIOMEDICAL, INC. v. CONVENIENCE STORE BROKERS, INC. dba TNT NATIONAL CONVENIENCE STORE BROKER (AND RELATED COUNTERCLAIM) | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Heightened Pleading Standard under Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8163 CAS(RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | WAYPOINT BIOMEDICAL, INC. v. CONVENIENCE STORE BROKERS, INC. dba TNT NATIONAL CONVENIENCE STORE BROKER (AND RELATED COUNTERCLAIM) | | |

1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

### III. DISCUSSION

Defendants argue that plaintiff's SAC fails to satisfy the heightened pleading requirements of Rule 9(b) because

(1) the fraud allegations of the SAC fail to differentiate between the three Defendants but rather attributes all allegations to all Defendants
(2) the fraud allegations fail to include the requisite "who," "what," "where," and "when," and
(3) the SAC fails to allege how each of the alleged misrepresentations cause specific damage to Waypoint

Mot. at 7. Defendants further contend that plaintiff has not alleged any damage as a result of the alleged misrepresentations. Id. at 8. Defendants argue that plaintiff's only allegation of damages is a conclusory statement. Id.; SAC ¶ 15 ("As a direct and proximate result of defendants misrepresentation of material facts and concealment of material facts, plaintiff has been damaged in a sum subject to proof at trial").

Plaintiff responds that its SAC adequately pleads fraud because it identifies the time, place, and nature of the alleged fraudulent activities. Opp'n at 3 (citing Bosses v. Cromwell, Collier, & MacMillan, 565 F.2d 602, 611 (9th Cir. 1977)). Plaintiff argues that its SAC pleads "the alleged fraudulent statement, the time and place of the statement, the person or persons making the statement, the method of communicating the statement, an explanation of why the statement was misleading and the resulting injury." Plaintiff concedes that the SAC does not allege exactly when the fraudulent statements were made, but argues that this omission does not make the pleading defective because the statements are "alleged to have been made in a relatively narrow time frame."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8163 CAS(RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | WAYPOINT BIOMEDICAL, INC. v. CONVENIENCE STORE BROKERS, INC. dba TNT NATIONAL CONVENIENCE STORE BROKER (AND RELATED COUNTERCLAIM) | | |

The Court concludes that plaintiff has pled fraud with sufficient particularity under Rule 9(b). Plaintiff identifies twenty-two specific misstatements and misrepresentations "concerning defendants' efforts to promote the sale of plaintiff's products and deliberate efforts on the part of defendants to frustrate the exposure of plaintiff's products to the convenience store market." SAC ¶ 9, 12. Plaintiff contends that Hudgins and Fries made these misstatements orally and in writing. SAC ¶ 12. Plaintiff further contends that Hudgins and Fries supervised TNT employees Phil Richer, Bret Hendzel, and Steven Fox, who made misrepresentations to plaintiff via email. Id. Plaintiff argues that all of these misrepresentations and misstatements occurred between November 2006 and November 2007. Id. Therefore, plaintiff has sufficiently pled the who, what, when, where, and how of the alleged misconduct. Vess, 317 F.3d at 1106; Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) ("allegations of fraud must be enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong").

Moreover, plaintiff is not required to plead damages with particularity because they are not seeking "special damages." Browning v. Clinton, 292 F.3d 235, 245 (D.C. Cir. 2002) (holding that special damages require pleading with particularity because, unlike general damages, they are "not the necessary consequence of [the] defendant's conduct, [but] stem from the particular circumstances of the case").

### IV. CONCLUSION

In accordance with the foregoing, defendants motion to dismiss is denied. Defendants are directed to answer within twenty days.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |